# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8234 | **DATE** | 11/1/2001 |
| **CASE TITLE** | Carvette Jones vs. A. Johnson | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jones' Application to Proceed with Prepayment of the filing fee is granted. (3-1) Jones' is assessed an initial partial filing fee of $17.92, and the Hill trust fund officer is ordered to collect that partial filing fee from Jones' trust fund account and pay it directly to the Clerk of Court. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. The Clerk is directed to issue summons and forward to the United States Marshal for process. An initial status hearing is set for 8:45 December 17, 2001 for which purposed defense counsel are expected to make the necessary arrangements for Jones to be on the line for a telephone call to be placed to Hill by this Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 5 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | Mailed k tust fund Official 11/1/01 | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARVETTTE JONES, #N-40982, )
)
        Plaintiff, )
)
v. ) No. 01 C 8234
)
A. JOHNSON, et al., )
)
        Defendants. )

MEMORANDUM ORDER

Carvette Jones ("Jones") has tendered a self-prepared Complaint under 42 U.S.C. §1983 ("Section 1983") in which he targets a number of state-actor defendants, accompanying his Complaint with a filled-out Application To Proceed Without Prepayment of Fees ("Application") and a printout of Jones' inmate trust fund account transactions at Hill Correctional Center ("Hill"), where he is now in custody. This memorandum order addresses the application first, then turns to Jones' Complaint.

As for the Application and the trust fund account printout, the former sufficiently establishes Jones' financial inability to make full payment of the $150 filing fee at this point, while the latter provides information along the lines called for by 28 U.S.C. §1915 ("Section 1915"). In that respect the printout reflects the often-encountered time gap that exists between the date on which it was prepared and the date on which Jones' lawsuit papers were received in this District Court's Clerk's



Office. But because the trust fund printout was prepared during the same week that Jones shows as the date of completion of his Complaint (the date on which he signed it), this Court has made the Section 1915(b)(1) calculation for the six-month period ending with the date of the printout.

In those terms the deposits to the account for that six-month period averaged out to $89.58 per month, so that the 20% down payment required by Section 1915(b)(1) on account of the filing fee comes to $17.92. Accordingly, Jones is assessed an initial partial filing fee of $17.92, and the Hill trust fund officer is ordered to collect that partial filing fee from Jones' trust fund account there as soon as the balance in the account is sufficient for that purpose, and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at Hill or any other correctional facility where Jones is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department,

and shall clearly identify Jones' name and the 01 C 8234 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Hill trust fund officer.

As for Jones' turgid and repetitive Complaint, this Court has long been mindful of, and has consistently practiced, the principle just articulated by our Court of Appeals in <u>Davis v. Ruby Foods, Inc.</u>, No. 00-4025, 2001 WL 1243400 (7th Cir. Oct. 18) for dealing with pleadings by pro se litigants. Without expressing any ultimate view on the viability of Jones' claims, this Court finds the Complaint suffices to require defendants to plead in response to Jones' allegations.[1] This Court is accordingly causing summons to issue, and it establishes an initial status hearing date at 8:45 a.m. December 17, 2001 (for which purpose defense counsel in the Attorney General's Office are expected to make the necessary arrangements for Jones to be on the line for a telephone call to be placed to Hill by this Court's minute clerk).

                                                        /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: November 1, 2001

---

[1] In part that determination stems from the difficulty in ascertaining precisely just what Jones claims by way of his grievances. In that respect it will be helpful to see the explanation proffered by one or more of the named defendants.